# Commonwealth ex rel. Reeder, Administrator, Appellant, v. Royer et al.

*Partition—Lunatic—Principal and surety.*

Where an allottee in partition proceedings has entered a recognizance with sureties to secure payment of the valuation money, and the allottee has subsequently been appointed committee in lunacy of one of the persons entitled to the valuation money, and as committee has filed a bond with sureties, and also as committee has filed an account which has been confirmed, the administrator of the lunatic cannot bring suit upon the recognizance for the valuation money. In such a case the administrator must look to the committee or the sureties on his bond for payment.

Argued April 16, 1894. Appeal, No. 69, July T., 1893, by plaintiff, Commonwealth ex rel. Wilbur F. Reeder, Administrator of Rebecca J. Royer, deceased, from judgment of C. P. Centre Co., April T., 1892, No. 386, on verdict for defendants, Henry Royer, David Krape and John Stoner. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Assumpsit on recognizance given in partition proceedings. Before FURST, P. J.

At the trial, it appeared that John Royer died Nov. 4, 1855, intestate, leaving to survive him a widow, Mary Royer, and nine children. Henry Royer, one of the appellees, was one of the children, and Rebecca J. Royer, appellant's intestate, was another. On Feb. 1, 1867, a writ of partition on the estate of John Royer was awarded, which was so proceeded in that on Aug. 26, 1867, purpart No. 1 was awarded to Henry Royer, eldest son, at a valuation of $7,301.46, upon condition that he enter into recognizance to secure payment of said valuation money. On the same day such recognizance was given. This action was brought upon the recognizance.

On Aug. 28, 1867, Henry Royer was appointed committee of the estate of Rebecca J. Royer and directed to give bond in the sum of $4,000, which was done and the bond was duly approved.

On Jan. 25, 1886, Henry Royer applied to the court for leave to file new bond as committee, and the court granted such leave. The new bond was filed the same day, and the court, on Feb. 2,

1886, indorsed on said bond the following order: " This bond is hereby approved and it is further ordered that the same shall first be resorted to in case liability arises according to the condition of the bond."

On Jan. 12, 1891, Rebecca J. Royer died intestate, and letters were granted on her estate to appellant.

On April 13, 1892, this suit was instituted by the administrator of Rebecca J. Royer's estate against defendants, the conusors on the recognizance given when the real estate was awarded to Henry Royer, to recover Rebecca's share of the purchase money.

Defendants offered paper of record from 277, Aug. T., 1867, petition of William W. Royer asking for a commission de lunatico inquirendo upon Rebecca J. Royer and decree thereon, dated Aug. 26, 1867, and return of the inquest in connection therewith; also decree in connection therewith, dated Aug. 28, 1867; also bond signed by the same parties, bearing the same date, approved August 29, 1867. The foregoing offers were objected to for the following reasons: (1) Because the inquest held upon this petition is illegal, void and without any authority of law, for the reason that the inquest was held by an associate judge, without any ground appearing in the proceedings therefor. (2) Because the return of the jury of inquest is insufficient in law, inasmuch as it fails to set forth how long the said Rebecca J. Royer was a lunatic; and also fails to set forth what estate or property she was possessed or seized of; and further fails to set forth the names of her next of kin, as is required by the act of June 13, 1836. (3) Because there does not appear in this proceeding any appraisement of the estate of Rebecca J. Royer or interest of Rebecca J. Royer in the estate of her deceased father, John W. Royer; and if the proceedings adjudging her a lunatic were otherwise legal and valid, the bond filed in this case is insufficient and amounts to no security whatever for any particular estate belonging to the said Rebecca J. Royer.

By the Court: On Aug. 26, 1867, a petition was presented to the court of common pleas, of this county, for a writ de lunatico inquirendo upon Rebecca J. Royer to inquire into her mental condition. The court, the same day, made a decree directing an inquisition to be held before an associate judge and

a jury impaneled from the panel in attendance upon court. The inquisition was held and returned to this court, and on the 28th of August, 1867, the court made a decree confirming the inquisition and appointing a committee, and the committee entered into a bond with sureties in the sum of $4,000, which was duly approved by the court. This decree is conclusive in this proceeding. If there were errors in that proceeding, they might have been taken advantage of by an appeal; but no appeal having been taken and the court having competent jurisdiction both of the person and the subject-matter, we cannot set aside that decree at this day. The objection is therefore overruled and a bill sealed for the plaintiff. [1]

Defendants offered (1) petition of Sarah M. Gentzel by her attorneys, Hastings & Reeder, presented and filed June 2, 1891, praying for a rule upon Henry Royer to show cause why he should not give new security for the faithful application and accounting for the funds that had gone into his hands as committee as aforesaid, or in default of filing such new bonds, show cause why he should not be removed from said trust. Filed to No. 277, August term, 1867. Also (2) petition dated and filed April 16, 1891, wherein Sarah M. Gentzel, by her attorneys, Hastings & Reeder, prays that the court grant a citation directed to Henry Royer, committee as aforesaid, to file account, etc. Also (3) order on Henry Royer to enter into new bonds in the sum of $4,000, with two sureties, to be approved by the court, etc. Also petition filed Jan. 25, 1886, for leave to file additional bond and also bond filed on the same day, Jan. 25, 1886, with David Krape and Peter Breon as sureties for Henry Royer, which bond was approved Feb. 2, 1886, and the following order made thereon: " This bond hereby approved and it is further ordered that the same shall first be resorted to in case liability arise, etc. By the Court." Also (4) the first and final account of Henry Royer, committee of Rebecca J. Royer, late of Potter township, deceased, filed November 9, 1891, in No. 277 August term, 1867. Also (5) report E. M. Blanchard, Esq., auditor appointed by the court of common pleas of Centre county to hear and pass upon the exceptions filed to the first and final account of Henry Royer, committee of Rebecca J. Royer, deceased. The foregoing offers were objected to by plaintiff.

By Mr. Hewes : We made the offer of this record, commencing with the proceedings to No. 277, Aug. T., 1867, Com. v. Rebecca J. Royer, being proceedings in lunacy, the appointment of Henry Royer as committee, citations and filing of his account with exceptions filed thereto, reference to an auditor and his report, which was confirmed absolutely by the court, for the purpose of showing, first : a judgment upon the same cause of action upon which the present suit is predicated ; and second, to show payment of all money which is due upon the recognizance offered in evidence.

Plaintiff objected to the various items of the offer as follows : (1) Because the first petition was not the petition of Rebecca J. Royer, whose interest is in controversy in this suit, nor any one for her or on her behalf, nor any one interested legally in her estate. (2) Because the petition for citation was not filed by Rebecca J. Royer, nor any one for her or on her behalf, nor any one legally entitled to receive her estate. (3) Because Rebecca J. Royer was not a party to the petition for additional security, neither was any one a party to those proceedings who was legally entitled to recover the same at that time. (4) Because at the time of filing the account Henry Royer, the accountant, had disregarded an order of the court, inasmuch as he had neglected to file the bond as required by the court in its order of August 24, 1891 ; and for the further reason that the accountant failed and neglected to include in said account all the moneys embraced in said recognizance upon which this suit is founded, particularly the share of Rebecca J. Royer in the dower fund. (5) Because the auditor's report nowhere shows how or when Henry Royer, one of the defendants in this suit, received the share of Rebecca J. Royer in the dower fund included in the recognizance upon which this suit is founded, and because Henry Royer in no way admits that he received the said fund, the auditor's report amounting simply to an admission on the part of his counsel. It is further objected to because such admission on the part of his counsel is made after Henry Royer had made default, and failed to file the bond in accordance with the decree of the court. Lastly, the whole offer is objected to because all the items thereof are transactions between Henry Royer and other persons than Rebecca J. Royer, and they can in no manner estop her or her estate.

By the Court: The petition of certain counsel for a rule on the committee to file new security in 1891, and the decree of the court thereon not having been complied with by the committee, is immaterial in this case; and therefore, by reason of the failure of the committee to comply therewith, we cannot see its pertinence to this issue. We therefore exclude that portion of the offer. The evidence already received by the court shows that when the committee was appointed he gave bond in the sum of $4,000, and he seems to have given a new bond in 1886, as stated in the offer. With the exception of the portion just rejected, we receive the evidence as evidence in the settlement of the estate of Rebecca J. Royer, by her committee, Henry Royer, in pursuance of his appointment as her committee. To which ruling the plaintiff excepts and a bill is sealed. [2]

The court charged in part as follows:

" [We say to you that the proceedings in the common pleas, by which Henry Royer was appointed committee of Rebecca J. Royer, and the giving of the bond there which was required and approved by that court, have the legal effect of exonerating the sureties of Henry Royer upon the recognizance in orphans' court. It is in the nature of a novation of sureties, or the substitution of this bond for that bond or that recognizance; and while Henry Royer is liable to the estate of Rebecca J. Royer, Rebecca now being dead, he is liable upon the bond he gave as committee. Not having accounted as committee for the money in his hands, suit must be predicated upon that bond.] " [3]

" [We therefore are compelled to say to you that the plaintiff cannot recover in this issue upon this recognizance, and your verdict must necessarily be for the defendant.] " [4]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings; (3, 4) instructions; quoting bills of exceptions, and instructions, as above.

*Wilbur F. Reeder,* for appellant, cited: Act of June 13, 1836, P. L. 592; Meurer's Ap., 119 Pa. 130; Halderman v. Young, 107 Pa. 324; Act of March 29, 1832, § 41, P. L. 202; Luther v. Wagner, 107 Pa. 344; Hise v. Geiger, 7 W. & S. 273; Medlar v. Aulenbach, 2 P. & W. 355; Mentzer v. Menor, 8 Watts,

299; Karstein v. Bauer, 4 Penny. 366; Hillbish's Ap., 89 Pa. 496; Vandever v. Baker, 13 Pa. 125.

*David Fortney* and *Charles P. Hewes,* for appellees, cited : Meurer's Ap., 119 Pa. 130; Act of June 13, 1836, P. L. 592; Levan v. Millholland, 114 Pa. 49; McDonald v. Simcox, 98 Pa. 619; Jackson v. Summerville, 13 Pa. 359; Painter v. Henderson, 7 Pa. 48; Nelson v. Nelson, 117 Pa. 278; Brenner, Trucks & Co. v. Moyer, 98 Pa. 174; Act of March 29, 1832, § 41, P. L. 202.

PER CURIAM, April 30, 1894:

To maintain the issue on his part, plaintiff gave in evidence records of proceeding in the partition of the real estate of John Royer, deceased, including the final decree therein, and the recognizance of the defendants, on which this suit is grounded. Also letters of administration granted to himself on the estate of Rebecca J. Royer, one of the heirs of said John Royer, deceased, and a party to said proceedings in partition. In response to the prima facie case thus presented by the plaintiff's evidence, the defendants put in evidence the records of proceedings in lunacy, showing that in 1867 the said Rebecca J. Royer was duly found and adjudged a lunatic, and her brother Henry Royer, one of the defendants in this suit, was duly appointed her committee and gave bond with approved sureties as required by the court; that afterwards said Henry Royer, in obedience to a citation, requiring him to do so, filed his final account as committee of said lunatic, which account was audited and duly confirmed by the proper court in 1892. In that account as thus finally adjudicated, the said committee is charged with all moneys payable to said lunatic under and by virtue of the decree in partition aforesaid, including the money secured by the recognizance sued on in this case.

These are the salient points of the defence interposed by the defendants under their plea; and, without referring in detail to the assignments of error relied on by the plaintiff, we think the rulings of the learned trial judge on questions of evidence, referred to in the first and second, and his instructions to the jury, recited in the third and fourth specifications, are substantially correct. It was conclusively shown by the defendants

evidence that the money secured by the recognizance in suit was duly adjudged to be in the hands of the committee of said lunatic; and to him and his sureties the plaintiff must look for payment.

Judgment affirmed.